No. 34,510

I. S. Woodward, *Appellant*, v. Maggie Barnard et al., *Appellees;* Ed Neubecker and Cinderella Neubecker, His Wife; Anna Swoboda and Pius G. Swoboda, Her Husband, *Cross-appellants and Appellees;* and Waldo Wetmore, as Administrator of the Estate of Margaret Liebau, Deceased, *Appellee.*

(103 P. 2d 841)

Opinion filed July 6, 1940.

*Joe T. Rogers,* of Wichita, for the appellant.

*Allen Burch, Henry Martz, W. D. Jochems, Carl H. Davis* and *James B. Nash,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action for specific performance of a contract involving real estate.

Briefly stated, plaintiff's petition alleged that Margaret Liebau died intestate on September 18, 1937, leaving as her heirs the defendants other than Waldo Wetmore, administrator of her estate; that on February 25, 1935, Margaret Liebau, in writing, leased a certain tract of real estate in Wichita, Kan., to the plaintiff for stipulated rents and under certain conditions as to payment of taxes, and of a mortgage of $1,287.50 on the real estate, and that under the lease he had taken possession; that on June 26, 1935, Margaret Liebau and plaintiff entered into a written agreement whereby she sold him the real estate for the sum of $35,000, receipt of $5,557.50 being acknowledged, the balance of $29,442.50 to be paid in stipulated installments. It was further alleged that on December 2, 1935, a further written contract prepared by plaintiff was executed by Margaret Liebau and plaintiff. It was in the nature of an escrow agreement and recited execution on the same date of a deed whereby Margaret Liebau conveyed the real estate to plaintiff, subject to the conditions stated that the Fourth National Bank in Wichita, as

escrow holder, was directed to deliver the deed to plaintiff whenever he should present to the bank receipts totaling in amount the sum of $17,000 as having been paid her or her heirs or assigns after the date of the contract; that in that contract it was agreed there had been paid on the purchase price the sum of $18,000, made up of certain payments stated; that the privilege of paying the balance of $17,000 in monthly payments of $150 was extended to plaintiff, and that if plaintiff so desired he was permitted to pay the balance remaining unpaid either in cash or by giving Margaret Liebau or her heirs or assigns a note for such balance bearing five percent interest due March 1, 1945, secured by mortgage on the real estate, and upon payment in either manner the deed was to be delivered to him; that the deed referred to was executed; that plaintiff had observed all the terms and conditions of the contract and had paid the gross sum of $24,675, leaving a balance due of $10,325 [10,525], the dates and amounts of payments made subsequent to December 2, 1935, being set out; that plaintiff desired and elected to pay the balance due by giving Margaret Liebau or her heirs or assigns or to the proper parties to receive the same a note for the balance due secured by mortgage on the real estate. It was further alleged that plaintiff took the deed and escrow agreement to the Fourth National Bank and attempted to deliver the same to that bank under the escrow agreement, but the bank refused to accept, stating it did not care to accept the responsibility; that plaintiff had possession of the escrow agreement and tendered the same into court and asked for instructions as to whom the escrow agreement and deed should be delivered; that he had made all payments required and under the contract there remained a balance of $10,525 and he desired to exercise his option to pay by executing the note and mortgage and to take the deed and become the title holder. It was also alleged that on September 9, 1931 [1936], Margaret Liebau purportedly executed a deed conveying the particular real estate to defendants Anna Swoboda and Edward A. Neubecker, which deed was subsequently filed for record (date not alleged) and that the grantees claimed some right, title and interest in the real estate; that at the time of the execution of the deed the grantees knew that plaintiff was in possession of the real estate and knew of his right, title and interest therein, and that the deed was a cloud on his title and should be canceled and set aside as against his claim or interest. He prayed the court for an order that he be declared entitled to exercise the option, receive delivery of the deed, etc., etc.

The defendants divided into two groups, which answered and defended separately. In one group were Ed Neubecker and Anna Swoboda, children of Margaret Liebau, and their spouses. The other group consisted of the other children, or children of deceased children of Margaret Liebau, and their spouses. It is not necessary that we make mention of any pleadings filed by the administrator. Neubecker and Swoboda filed an answer, which charged plaintiff with fraud and misrepresentation. The trial court sustained a motion to make definite and certain, and they filed an amended answer omitting such allegations. In the amended answer certain admissions not now material were made. These defendants denied that plaintiff had complied with the terms of his lease, in that he had not made improvements as required, had not paid specified taxes as required; that he had not paid the rents and alleged that he was wrongfully in possession, and that plaintiff was insolvent and a receiver should be appointed to collect rents from subtenants of the real estate. After a general denial of the averments of the petition, these defendants denied that plaintiff made any payments to Margaret Liebau except of certain rents and the mortgage of $1,287.50 referred to in the petition, and they specifically denied the execution of every receipt set forth in the petition except those given for rents. They also denied execution of the contract of June 26, 1935, of the contract of December 2, 1935, or of the deed of that date by Margaret Liebau, and alleged that if they bear her signature, they were without consideration and were null and void. They also alleged that on September 9, 1936, Margaret Liebau executed and delivered to Ed Neubecker and Anna Swoboda a deed to the real estate, subject to a life estate in her favor, and that they became and now are owners of the real estate, and entitled to possession subject only to whatever rights plaintiff may have under the lease dated February 25, 1935; that the remaining defendants have no right, title or interest in the property and the title of the answering defendants should be quieted. We note also their allegation plaintiff should not be permitted to maintain his cause of action based on the alleged contract of sale, escrow agreement and deed. Their prayer was that the lease, contract, escrow agreement and deed between plaintiff and Margaret Liebau be set aside; that they be decreed owners of the real estate, their title quieted, etc. We here note that after the cause had been tried, these defendants were permitted to amend to conform to proof and to charge plaintiff with establishing a confidential relation between himself and Margaret

Liebau, and with obtaining the various instruments complained of through false and fraudulent representations. We are not now concerned with·the details alleged.

The remaining defendants filed an answer and cross petition. After making certain admissions, they denied that Margaret Liebau executed the documents relied on by plaintiff and alleged that if she did execute any of them, at the time she was mentally incompetent and incapable of transacting business, etc.; that if she did execute any of those documents, they were without consideration, or adequate consideration, and should be declared void; that they were obtained by false representations made by the plaintiff. These defendants denied that plaintiff had complied with the terms and conditions of any of the contracts and alleged he had made repeated defaults in performance, and they expressly denied that plaintiff had made the payments alleged to Margaret Liebau or to anyone in her behalf. They also included allegations charging plaintiff with laches, details of which need not be noticed. By way of answer to the allegations of the defendants Neubecker and Swoboda and by way of cross petition, these answering defendants charged that the deed made by Margaret Liebau on September 9, 1936, to defendants Neubecker and Swoboda should be set aside and declared void for the reason that on the date thereof Margaret Liebau was mentally incompetent as more fully alleged in earlier parts of their answer. Their prayer was that the various documents alleged in plaintiff's petition and the deed referred to in the answer of their codefendants be declared void and set aside and that they be declared owners of their respective interest in the real estate, etc. By other pleadings, which need not be noticed, issues were fully joined between all parties.

At the trial, a great deal of testimony was heard and much written evidence was received. The trial court, after considering all of the evidence, together with requested findings of fact and conclusions of law, made its own findings and conclusions,. which are here set out in full:

"1. Margaret Liebau was born in Germany on the 16th day of March, 1841; she was married twice. To the first marriage there were born four daughters, Maggie Barnard, Anna Swoboda, Emma Logsdon and Josie Neun Devereaux, the last two of whom are now deceased, and one son, Edward A. Neubecker. Emma Logsdon died intestate December 18, 1933, leaving surviving her as her sole and only heirs at law the following named children, to wit: Lucian Logsdon, John Logsdon, Maude Logsdon Schul and Edward Logsdon. Josie Neun

Devereaux died intestate April 12, 1936, leaving surviving her as her sole and only heirs at law the following named children: John Neun, Alma Neun Byers and Ethel Neun Keith. Margaret Liebau died intestate in Wichita, Kan., September 18, 1937, at the age of ninety-six years past, leaving surviving her as her sole and only heirs at law the defendants, Maggie Barnard, Anna Swoboda, Ed Neubecker, and the children of Emma Logsdon, deceased, aforesaid, and the children of Josie Neun Devereaux, deceased, aforesaid, all of whom are parties defendant in this action. At the time of the death of said Margaret Liebau and at all times herein material, she was the owner of the following-described real estate, to wit: Lots 11, 12, 13 and 14, on Twenty-first street, Steel and Swentzell's Highland Second Addition to the city of Wichita, Sedgwick county, Kansas.

"2. On January 10, 1935, Margaret Liebau executed and delivered to I. S. Woodward a ninety-nine-year lease on the premises aforesaid, said property being located at the northwest corner of the intersection of Twenty-first street with Broadway avenue, in the city of Wichita. This lease was never filed for record.

"3. On February 25, 1935, Margaret Liebau executed and delivered to I. S. Woodward a ninety-nine-year lease upon said premises, superseding the lease of January 10, 1935, in which it was recited: 'This lease is taken and intended as a correction of a certain lease between the parties hereto executed under date of January 10, 1935, and covering the same premises.' This lease provides that the lessee, I. S. Woodward, shall pay the lessor, Margaret Liebau, as rent for the use of the premises, $150 a month for a period of ten years commencing with March 1, 1935, and $200 per month thereafter; that the lessee shall pay all taxes and assessments which are levied and become a lien upon this property on and after March 1, 1935, and for the life and tenure of the same. And provides that the lessee shall pay a $1,287.50 mortgage and the taxes then due and unpaid upon the property; that the lessee shall, within ninety days after March 1, 1935, begin the actual construction of improvements on the property until said improvements amount to $5,000 within two years after the commencement of the making of said improvements thereon. The only forfeiture clause is in the second paragraph thereof, to the effect that if the rentals are not paid by the tenth of each month they shall draw interest at the rate of six percent per annum, and in the event of six months' rent being in default for a period of six months, the lessor shall, at her option, have the right of terminating the lease. This instrument was filed for record by Margaret Liebau, with the register of deeds of Sedgwick county, Kansas, on May 16, 1935.

"4. The lease of January 10, 1935, contained the following clause, which was eliminated in the lease of February 25, 1935: 'Said first party hereby designates The First National Bank in Wichita, Kan., or her friend and advisor, Nora R. Minter, of the Minter Realty Company of Wichita, Kan., as her legal agent to receive and disburse the rents herein mentioned.' Nora R. Minter was a trusted friend and confidential advisor of Margaret Liebau, and a woman of integrity. She represented Margaret Liebau when the lease of January 10, 1935, was negotiated.

"5. Margaret Liebau signed a certain instrument in writing, purporting to bear date of June 26, 1935, by the terms of which she agreed to sell and convey to I. S. Woodward the property above described for $35,000, in installments as therein provided and purports to acknowledge the payment of the sum of $5,557.50. This contract was never filed for record.

"6. Margaret Liebau signed a warranty deed dated December 2, 1935, wherein she sells and conveys the above-described property to I. S. Woodward with the usual covenants of warranty. The consideration recited in this deed is $35,000. This deed was never recorded.

"7. Margaret Liebau signed a further instrument in writing, dated December 7, 1935, designated 'Escrow Agreement,' wherein it is recited that the foregoing warranty deed 'is herewith placed in escrow in the Fourth National Bank of Wichita, Kan.,' subject to the instructions therein contained—and it then goes on to recite that if I. S. Woodward, his heirs or assigns shall present to said bank receipts in the sum of $17,000, the bank shall deliver said warranty deed to said I. S. Woodward, his heirs or assigns. Said agreement also extends to I. S. Woodward the privilege of paying said $17,000 in monthly installments of not less than $150 per month; or, if he so desires, of paying the balance remaining unpaid in full either in cash, or by giving to Maragaret Liebau, her heirs and assigns, a note for such balance with interest at five percent per annum, due March 1, 1945, secured by a mortgage on the property. This instrument and the warranty deed were never deposited with the Fourth National Bank of Wichita, Kan., nor was any attempt made to deposit them in escrow with said bank until on or about October 1, 1937, several days after the death of Margaret Liebau, and when presented by plaintiff to the Fourth National Bank, the escrow was refused by the bank. These instruments were retained in the possession of I. S. Woodward from the time they were signed until deposited with the clerk of this court, after the filing of this suit, under an order of court made pursuant to the proffer contained in plaintiff's original petition. This escrow agreement was never filed for record.

"8. The defendants herein had no notice, knowledge or information, actual or constructive, of the agreement of June 26, 1935, the warranty deed of December 2, 1935, or the escrow agreement of December 7, 1935, until after the filing of this suit on December 4, 1937.

"9. On September 9, 1936, Margaret Liebau executed and delivered to her two youngest children, Edward A. Neubecker and Anna Swoboda, a warranty deed for the above-described property, warranting the same to be free and clear of all liens and encumbrances except 'liens or instruments of record,' reserving unto herself, however, a life estate therein in the following language: 'The grantor herein expressly reserves to herself from this conveyance the right to the use, occupancy, rents, issues and benefits, from said real estate herein described for and during the remainder of her natural life and this conveyance is made upon the express condition that said grantor shall have and retain an estate for life in said real estate.' Neither Edward A. Neubecker nor Anna Swoboda were present at the time this deed was executed. It was signed by the mark of Margaret Liebau in the presence of

John Napier, Mrs. Lucile Kelly, Dr. H. H. Olson, Dr. H. B. Morton, and delivered by Margaret Liebau to John Napier, who thereafter, and on September 11, 1936, delivered the same to the grantees therein named, and by them filed for record with the register of deeds of Sedgwick county, Kansas, on the same day. The consideration recited in this deed is '$1 and other valuable consideration.'

"10. At the time Margaret Liebau executed the agreement of June 26, 1935, the warranty deed of December 2, 1935, the escrow agreement of December 7, 1935, the deed of September 9, 1936, and the receipts numbered plaintiff's exhibits 7 to 18, inclusive, and 22 to 56, inclusive, she was not of sound mind, did not comprehend or fully understand what she was doing, and was not mentally competent to execute any of said instruments, nor was she competent to fully understand or comprehend the legal significance of the execution of the same.

"11. That Margaret Liebau's signature to the contract of June 25, 1935, and to the warranty deed of December 2, 1935, and to the escrow agreement of December 7, 1935, and to the various receipts introduced in evidence herein were procured thereto by false and fraudulent representations on the part of the plaintiff, I. S. Woodward, to the effect that said instruments and each and all of them were rental receipts acknowledging the payment of rentals then due and owing under the provisions of the lease of February 25, 1935, aforesaid. That said representations, made as aforesaid, with reference to the exhibits aforesaid, and each and all of them, were false and untrue, and were known by the plaintiff, I. S. Woodward, to be false and untrue at the time they were made, and were made by him for the purpose of misleading and deceiving Margaret Liebau.

"12. That during his acquaintance, association and course of dealing with Margaret Liebau, the plaintiff, I. S. Woodward, made it a point to do many little acts of kindness, visited her socially, ran errands for her, advised with her on personal as well as business matters, and did small favors for her, and in this way succeeded in ingratiating himself into her confidence to such an extent that she had implicit faith in his integrity and honor, and relied upon his statements and representations without question or inquiry.

"13. That the plaintiff, I. S. Woodward, knew that Margaret Liebau did not comprehend or fully understand what she was doing, and did not comprehend the legal significance of what she was doing, at all the times when she may have signed any of the instruments referred to herein; and that the defendants, Ed. Neubecker and Cinderella Neubecker, his wife; Anna Swoboda and Pius Swoboda, her husband, knew that Margaret Liebau did not comprehend or fully understand what she was doing, or the legal significance thereof, when she signed the deed dated September 9, 1936.

"14. That I. S. Woodward, at all times herein mentioned, was a man past sixty-five years of age; that he has had a wide range of business experience and possessed a keen, alert mind. Margaret Liebau was advanced in years and her business experience was limited to ownership and handling of a few tracts of farm land and various pieces of real estate in the city of Wichita.

"15. The only money paid by I. S. Woodward to Margaret Liebau, and

the only money received by Margaret Liebau from I. S. Woodward, was the regular monthly installments of rent falling due under the terms and conditions of the lease of February 25, 1935, which were made at irregular intervals, the recitals in the various instruments and receipts to the contrary notwithstanding, except, plaintiff paid, for Margaret Liebau, a mortgage to the Wheeler, Kelly and Hagny Trust Company of $1,287.50, in addition to the regular monthly rentals as aforesaid.

"16. I. S. Woodward was adjudicated a bankrupt by the United States district court for the district of Kansas, second division, on July 9, 1929, and at no time thereafter, up to and including the time of Margaret Liebau's death, was his income from any and all sources sufficient to enable him to pay Margaret Liebau, or anyone for her, the sum of $24,675, or any other sum or amount other than the monthly rentals falling due under the terms and provisions of the lease of February 25, 1935. The plaintiff's income from all sources was merely sufficient to enable him to live, to erect improvements upon the premises in question of the value of not to exceed $4,500, to pay Margaret Liebau the monthly rental installments falling due under said lease at irregular intervals to September 1, 1937. The only interest which the plaintiff, I. S. Woodward, ever had in and to the property herein described was the leasehold interest conveyed to him by Margaret Liebau under the original lease of January 10, 1935, as superseded by the lease dated February 25, 1935, subject to the terms and conditions of said lease.

"17. The plaintiff has failed and neglected to pay the taxes due and owing upon said property for the years 1933, 1934, 1935, 1936, 1937 and 1938, amounting to $2,081.57 plus interest and penalties.

"18. I. S. Woodward has paid the monthly rentals due and owing under the lease of February 25, 1935, to September 1, 1937, but has failed and neglected to pay any of the rentals installments due and owing thereon since said time.

"19. The plaintiff, I. S. Woodward, is insolvent and is unable to meet his obligations as they mature in the usual course of business and is unable to pay the taxes due and owing upon said property, and a receiver should be appointed to collect the rents and profits arising from said property and the improvements thereon, and to conserve and preserve said property during the pendency of this litigation.

"20. Plaintiff failed, neglected and refused to make known or disclose to these defendants or any of them, the existence of the agreement of June 26, 1935, the warranty deed of December 2, 1935, or of the escrow agreement of December 7, 1935, or the receipts marked plaintiff's exhibits 7 to 18, inclusive, and 22 to 56, inclusive, except the rental receipt of August 3, 1936, exhibit 33, signed by A. Swoboda, and rental receipts of September 2, 1936, and October 9, 1936, exhibits 34 and 35, signed by Ed. Neubecker, during the lifetime of Margaret Liebau, and the defendants had no knowledge of, or concerning same, until after being served with process in this case, although the plaintiff knew of the execution of the deed of September 9, 1936, and the recording of the same, a short time after same was executed and recorded.

"21. Plaintiff on various and sundry occasions stated, both in and out of

court, that the only interest he had or claimed in the property aforesaid was a ninety-nine-year lease. Plaintiff's conduct and statements with reference to his interest in said property as herein found, during the life of Margaret Liebau, were such as precluded the defendants, or any of them, of making inquiry of her with reference to the title of said property, and his interest therein, other than the lease of February 25, 1935, and precluded them from making any inquiry of her with reference to plaintiff's claims herein, or ascertaining the truth thereof. At all times prior to the death of Margaret Liebau, the defendants relied upon the plaintiff's oft-repeated statement to the effect that his only interest in the property was a ninety-nine-year lease.

"22. The plaintiff failed and neglected, during the lifetime of Margaret Liebau, or thereafter, to file said instruments for record with the register of deeds of Sedgwick county, Kansas, or to pay the registration fee thereon, or to disclose the contents thereof to the defendants or any of them, and no copies of any instruments herein described were left with Margaret Liebau.

"22 [23]. The plaintiff has failed to pay the rentals due and owing on the property described herein under the lease of February 25, 1935, since September 1, 1937, and has failed to pay the taxes due and owing on said property for the years 1933, 1934, 1935, 1936, 1937 and 1938, and has further failed to make improvements upon said property of the value and as required by the terms of said lease.

"23 [24]. The court finds that Waldo Wetmore is the duly appointed, qualified and acting administrator of the estate of Margaret Liebau, deceased, which is now in the process of administration in the probate court of Sedgwick county, Kansas."

"CONCLUSIONS OF LAW

"1. The alleged agreement of June 26, 1935, should be, and the same is hereby canceled, set aside and held for naught.

"2. The alleged warranty deed of December 2, 1935, should be, and the same is hereby canceled, set aside and held for naught.

"3. The alleged escrow agreement of December 7, 1935, should be, and the same is hereby canceled, set aside and held for naught.

"4. The ninety-nine-year lease of February 25, 1935, should be, and the same is hereby forfeited, canceled, set aside and held for naught.

"5. The alleged warranty deed dated September 9, 1936, is hereby canceled, set aside and held for naught.

"6. The plaintiff, I. S. Woodward, is not entitled to the relief sought by him in this action, for the reason that he has been guilty of fraud, as shown in the findings of fact herein.

"7. The agreements upon which plaintiff seeks judgment and relief of this court, not having been filed for record, and the registration fee not having been paid to the register of deeds, the court is prohibited by statute from entering any judgment, decree or order for the enforcement of the same.

"8. A receiver should be appointed to collect the rents and profits arising from said property and the improvements thereon, and to conserve and preserve said property and the improvements thereon during the pendency of this litigation."

The plaintiff filed his motion to set aside the last sentence in finding of fact No. 1 as being contrary to and not supported by the evidence; No. 4 as not being an ultimate fact and prejudicial; the latter part of No. 7 as being immaterial and argumentative; No. 8 as being immaterial; Nos. 10, 11, 12, 13, 14, 15, except as to the mortgage, 16, 19, 20, 21, 22, as being either immaterial or not supported by or contrary to the evidence, and to set aside all the conclusions of law as incorrect and incorrectly applied and wholly unjustified by the evidence. Plaintiff had another motion covering the same matters, asking the court to adopt as its findings of fact those originally requested by plaintiff as well as three others suggested in the motion, and also some additional conclusions of law. Plaintiff also filed a motion for a new trial.

The defendants Neubecker and Swoboda also filed a motion asking the trial court to strike the last sentence of finding of fact No. 1 and to substitute a finding that from September 9, 1936 (date of deed to the defendants) Margaret Liebau owned only a life estate; to set aside No. 9 as being contrary to the evidence and to substitute a finding that Margaret Liebau had conveyed the property to Neubecker and Swoboda; to set aside finding No. 10 as being contrary to the evidence and to substitute a finding Margaret Liebau was mentally competent to make the deed, etc.; to set aside finding No. 13 as being contrary to the evidence; to set aside conclusion of law No. 5 for the reason there was no evidence to support it and it was contrary to the evidence, and to make an additional conclusion of law that Neubecker and Swoboda were the owners of the real estate. These defendants also filed a motion for a new trial.

These various motions were all heard and denied by the trial court, the original findings and conclusions were approved and judgment was rendered canceling and setting aside the leases of January 10, 1935, and February 25, 1935, from Margaret Liebau to plaintiff; also the contract of June 26, 1935, the escrow agreement of December 7, 1935, and the deed of December 2, 1935, between Margaret Liebau and plaintiff and also the deed of September 9, 1936, from Margaret Liebau to Ed. Neubecker and Anna Swoboda; that the plaintiff recover nothing in the action and be denied relief and that the real estate involved belonged to and was the property of the heirs of Margaret Liebau, deceased, subject to the debts, charges and costs of administration of her estate, the heirs being specifically named, and plaintiff was enjoined from asserting any

claim to the real estate, ejected therefrom and ordered to surrender possession to the defendants, etc. A receiver was appointed and ordered to collect rents from subtenants of the real estate.

Plaintiff appealed from the judgment and various rulings against him, and defendants Neubecker and Swoboda appealed from the judgment setting aside the deed to them and the various rulings against them. For clarity we shall refer to the parties as they appeared in the trial court.

We shall first consider plaintiff's contention the trial court erred in permitting defendants Neubecker and Swoboda to amend their answer at the close of the trial. The contention in substance is that their original answer charged plaintiff with fraud; that on motion sustained to set out the fraud they amended, omitting such allegation; that plaintiff had no opportunity to meet the issue of fraud, etc., and when the trial court permitted the amendment to conform to proof, plaintiff's rights were violated. We shall not discuss the contention further than to say the trial court had discretion in the matter. It was not abused, for the answer of the remaining defendants likewise charged plaintiff with fraud, and that issue was always in the case.

Without regard to the burden of proof, it is quite apparent that for the plaintiff to have prevailed, it must have been concluded from the evidence that at all times when leases, contracts, etc., were made by and between plaintiff and Margaret Liebau, she was mentally competent to transact the business and that there was no fraud or overreaching on his part; that for the defendants Neubecker and Swoboda to have prevailed, it must have appeared that when Margaret Liebau conveyed to them, she was mentally competent. The extent of the interest they received under their deed depended on whether plaintiff's lease or the various subsequent contracts were enforceable. For the remaining defendants to prevail, it must have been concluded that Margaret Liebau was either incompetent when she dealt with plaintiff, or that she was defrauded by him, and that when the deed was made to Neubecker and Swoboda, Margaret Liebau was incompetent. The issue was largely one of fact. As has been indicated, there was a great deal of testimony and the abstract and counter abstract contain about 220 pages of it, in addition to which photostatic copies of many of the exhibits are furnished. No one complains that incompetent evidence was admitted or that competent evidence was rejected. We

have reviewed at length all of this evidence as abstracted and the complaints made against it as being contrary to or as not supporting the findings of fact made by the trial court. No good purpose would be served by extending this opinion to great length to demonstrate that the findings are sustained by the evidence and are not contrary to it. We do not mean there was no evidence from which different conclusions might not have been reached; it was the trial court's duty to resolve the difference. That it did. Our examination convinces us that the findings of fact made by the trial court are supported by the evidence and are not contrary to it. The claim that any finding is immaterial is not sustained.

The above conclusion makes it unnecessary that we discuss at length a number of matters urged in the briefs. Plaintiff makes considerable argument about the legal effect of the many receipts which he had received from Margaret Liebau and he argues they were almost conclusive of the fact that she received payments as therein recited. The trial court found the receipts were obtained by fraud from an incompetent person. Fraud vitiates all it touches. The matter needs no further discussion.

Some contention is also made the trial court erred in its conclusion of law No. 7, in holding certain instruments could not be the basis of a judgment because the intangible tax had not been paid. We need not examine the complaint. In view of the other conclusions, plaintiff was not entitled to judgment. The complaint of defendants Neubecker and Swoboda is that the evidence showed Margaret Liebau was sane when she executed the deed to them on September 9, 1936, and that there was no evidence to the contrary. For reasons above given, this complaint cannot be sustained.

The rulings on motions for new trial are not separately discussed. No error appears in the trial court's ruling denying a new trial.

The judgment of the trial court is affirmed.